BENJAMIN PLOTTS *vs.* JOSEPH ROSEBURY.

1. To make a parent liable for necessary clothing furnished to a child who is a minor, and living in his family, it is not necessary to prove that there was an express authority given to make the purchase; it is sufficient to prove such circumstances as manifestly indicate the parent's assent, such as the payment of former bills of a similar character, and wearing the clothes while living at home with the parent, and with his knowledge.

2. The court should not nonsuit a party where he makes out his case by *prima facie* proof, but should put the defendant upon his defence for the purpose of rebutting the conclusions deducible from the facts and circumstances proved by the plaintiff.

3. Where a judgment of nonsuit, rendered by the Court of Common Pleas in an appeal case, is reversed, the court should not continue the trial from the point where the evidence offered by the plaintiff was closed, but should proceed *de novo* with the trial of the appeal.

Plotts v. Rosebury.

*Certiorari* to the Warren Common Pleas.

Argued before Justices OGDEN and HAINES.

*Dumont*, for the plaintiff in *certiorari.*

*Depue*, for the defendant.

The opinion of the court was delivered by

OGDEN, J.  The only question to be settled in this case is, whether the Court of Common Pleas violated any principle of law in rendering a judgment of nonsuit.

The action was brought for a clothier's bill, of $9.75, contracted, on the 19th of August, 1854, by Joseph Rosebury, jun., a minor, and charged to the defendant.

The plaintiff commenced a suit for the recovery of this account on the 13th of June, 1858, and after a trial before the justice, on which several witnesses were examined on both sides, he recovered a judgment for the amount of the charge and interest thereon.   The defendant appealed, and on the trial of the appeal the Court of Common Pleas, as soon as the plaintiff rested his case, gave a judgment of nonsuit against him on the merits of the cause

The plaintiff in *certiorari* has contended that this judgment was unlawful, because he made out a sufficient *prima facie* case to entitle him to a recovery.

It appears, from the state of the case agreed upon and signed by the counsel for the parties, and certified by the judges of the Court of Common Pleas to be correct, that the plaintiff proved, on the trial, that the minor lived with the defendant in his family as his son, and that the articles of clothing furnished to him were not unsuitable to the condition of the minor, either in quantity or quality ; that the father had, on previous occasions, recognised the authority of his son to purchase clothing in his name, by paying to the same plaintiff and his former partner in business debts, contracted for and partly by the son, to a

much larger amount without objection or notice ; and that, during the time when this clothing must have been in use by the minor, he was living in the family of the defendant.

The question is, whether the plaintiff, on the trial of the appeal, gave any legal evidence that the articles were supplied with the assent or under the implied authority of the defendant, which should have put the defendant upon rebutting proofs.

Story, in his work on sales, after discussing this important question, and examining the cases in this country and in England in which it has been raised, says—" Such assent or authority is not required to be express, provided it be manifestly indicated by the circumstances under which the articles were supplied. Thus, if under ordinary circumstances the infant purchase clothes, and wear them, in the presence and with the knowledge of the father, or if articles be delivered at the father's house for the infant, and no objection be made by the father, his assent would be implied *prima facie ;* even in such a case, however, the presumption might be rebutted."

The Court of Common Pleas must have been persuaded by the arguments of the counsel for the appellant, either that an express authority must be proved by a trader to have been given to the minor who contracted a debt for necessary clothing, or that the circumstances shown in the case before them did not furnish *prima facie* proof of the defendant's assent that his son should procure the articles on his credit. Both those positions are contrary to well established principles of law, and as the judgment of non-suit cannot be reasonably accounted for on any other hypothesis, it must be reversed. The court should have put the defendant to his proofs, if he had any tending to rebut the conclusions deducible from the facts and circumstances proved by the plaintiff ; and after hearing all the evidence which could lawfully have been given before them, they should have rendered their judgment upon the merits of the case.

The cause must be remanded to the Court of Common Pleas, with directions for them to proceed *de novo* with the trial of the appeal. They cannot be expected to continue the trial from the point where the evidence was closed on the part of the plaintiff, because under the organization of that court, it is probable that all the three members are not now in office.

Let the judgment of nonsuit be set aside, and such order be entered in the minutes.

CITED *in Freeman* v. *Robinson,* 9 *Vr.* 385.